## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

GILBERT T. WOLIN,

               Plaintiff,

v.

RUTH P. WOLIN, as trustee of the Maxine
L. Wolin Trust.

               Defendant.

Civil Action No. 20-cv-11086

**JURY TRIAL DEMANDED**

## <u>COMPLAINT</u>

Plaintiff Gilbert T. Wolin ("Gilbert" or "Plaintiff") files this complaint for injunctive relief and damages against Defendant Ruth P. Wolin ("Ruth" or "Defendant"), as trustee of the Maxine L. Wolin Trust ("Trust").  Maxine L. Wolin ("Maxine") was the mother of Gilbert and Ruth. Throughout her life, Maxine and her husband, Robert E. Wolin ("Robert"), were committed to treating their children with absolute equality.  This commitment manifested itself both in Maxine's and Robert's estate plan.  For example, upon his death in 1992, Robert transferred all his assets to Maxine, with the understanding that they would, upon her death, be conveyed in equal shares to their two children, Gilbert and Ruth.  In accordance with this understanding, Maxine (at age 73) established the Trust in 1994, which stated the remaining estate under the Trust would be divided into equal shares between Gilbert and Ruth, as Trust beneficiaries.[1]  This structure remained intact until November 25, 2015, just shy of Maxine's 95th birthday.  On that date, a Trust amendment provided that after the payment of certain specific gifts, Ruth was given the entirety of the

---

[1] Max Killigrew, Ruth's son, and Joyce Rabb, Maxine's sister, were also beneficiaries under the Trust.  Both were to receive cash outright and free of trust.  The remaining estate, however, was to be split equally between Ruth and Gilbert.  Joyce Rabb's share under the Trust was ultimately eliminated with the execution of the third amendment.

remaining estate under the Trust.  On April 29, 2016 (at age 97), Maxine executed an amendment which named Ruth as co-trustee.  Thereafter, while Ruth was co-trustee, Maxine executed three additional amendments (at ages 97 and 98), which continued the structure providing that, after the payment of certain specific gifts, Ruth was to receive the entirety of the remaining estate. Throughout her time as trustee, starting on April 29, 2016, Ruth approved three amendments.  The effect of those amendments was to give the entirety of the remaining estate in the Trust to herself, while reducing Gilbert's share to a specific dollar amount.  Gilbert's specific gift amounted to less than 5% of Trust assets, while Ruth retained 95% of Trust assets for herself.

Ruth Wolin, as trustee of the Trust, breached her fiduciaries duties by (1) failing to keep Gilbert reasonably informed about Trust administration and of the facts necessary for him to protect his interests, (2) failing to act in the best interests of Gilbert, as Trust beneficiary, and (3) purposefully concealing the fact that she approved amendments designed to give her the entirety of the remaining estate under the Trust (after paying certain specific gifts).

## PARTIES

1.      Gilbert T. Wolin is resident of the Commonwealth of Massachusetts.  Gilbert is a beneficiary under the Trust and has been since its inception in 1994.

2.      Ruth P. Wolin is a resident of the State of California and, on information and belief, intends to move to the State of Arizona.  Ruth is a beneficiary of the Trust and has been since its inception in 1994.  Ruth is also a co-trustee of the Trust and has been since April 29, 2016.

## JURISDICTION AND VENUE

3.      The Court has personal jurisdiction over Ruth pursuant over M.G.L. ch. 223A § 3(c).  As explained more fully below, Ruth breached her fiduciary duties to Gilbert during numerous telephone calls and emails between her and Gilbert, who, at all relevant times, was located within the Commonwealth.  Through these calls and emails, Ruth established contact with

the Commonwealth and purposefully availed herself of its laws.  Moreover, given that Ruth's

breach occurred during these telephone calls and emails, this cause of action arises directly from

Ruth's affirmative and repeated contact with the Commonwealth.  Thus, Ruth could reasonably

expect to be forced to defend such a suit in this jurisdiction.

4.      The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §

1332.  Plaintiff is a resident of the Commonwealth of Massachusetts.  Defendant is either a resident

of the State California or the State of Arizona.  Regardless of where Defendant resides, however,

complete diversity of citizenship exists between the parties.  Furthermore, there is no probate of

assets controlled by the Trust.

5.      Venue is proper in this Court pursuant to 28 U.S.C. §1391(b)(2) because a

substantial part of the events giving rise to this dispute occurred within this District.  Ruth's breach

of her fiduciary duties occurred during telephone calls and emails between her and Gilbert.  Gilbert

was located within this District at all times during those calls and emails where the breach

occurred.

## FACTUAL BACKGROUND

6.      Gilbert is the son of Robert T. Wolin and Maxine L. Wolin.  In 1994, Maxine

established a Trust, under which Gilbert was a beneficiary.  At all relevant times, Gilbert has been

and is a beneficiary of the Trust.

7.      Ruth is the daughter of Robert T. Wolin and Maxine L. Wolin.  In 1994, Maxine

established a Trust, under which Ruth was a beneficiary. On April 29, 2016, Maxine executed the

fourth amendment to the Trust, which, among other things, made Ruth co-trustee.  Accordingly,

Maxine and Ruth served as co-trustees to the Trust.  Upon Maxine's death on March 3, 2020, Ruth

became the sole trustee of the Trust.  As trustee, Ruth approved and oversaw three amendments that significantly reduced Gilbert's share of Trust assets and simultaneously increased her own.

8.      Maxine created the Trust on September 27, 1994.  The Trust allowed Maxine to withdraw from the Trust corpus, but, in essence, provided that after payment of debts, expenses of administration of her estate, and small bequests, the Trust corpus would be divided into equal shares for Gilbert and Ruth.  This equal distribution was consistent with both Maxine's and Robert's lifelong commitment to treat their two children equally.

9.      Between August 11, 2014 and April 18, 2019, Maxine executed two codicils to her will and six amendments to the Trust.[2]  The effect of these changes were to reduce Gilbert's share of the Trust estate left by his mother and, commensurately, increase the share received by Ruth.  Ruth was co-trustee during three of these amendments.  As a result of these changes, Ruth's share of the remaining estate increased to 100% of Trust assets after payment of specific gifts, while Gilbert's share was reduced to zero, subject to the payment of a specific gift of $50,000—this gift was the equivalent to less than 5% of Trust assets.

10.     Notwithstanding her obligation to do so, Ruth failed to keep Gilbert reasonably informed about the administration of the Trust and of the material facts necessary for Gilbert to protect his interests.  Specifically, Ruth placed telephone calls and authored numerous emails to Gilbert, but failed to mention anything about her appointment as co-trustee and the significant reduction to his interests.  Because of Ruth's actions in hiding changes in Trust dispositions, Gilbert was unaware of the changes to the Trust and not in a position to protect his interests.

---

[2] As reference above, Ruth executed the first amendment to the Trust on October 16, 2012.  The first amendment did not substantively alter the equitable distribution of the Trust and is therefore not discussed.

11.     Due to Ruth's breaches of fiduciary duty, Gilbert did not learn about the amendments to the Trust until after his mother's death.  Surprised by the unequal distribution, Gilbert contacted Larry Adamson, Esq ("Adamson"), whose firm counseled Maxine and Ruth throughout their administration of the Trust and the multiple amendments to it, both before and after Ruth was named as Trustee.  In response to Gilbert's inquires, Adamson incorrectly informed Gilbert that any and all communication between him, his law firm, Maxine, and Ruth regarding the Trust and the Trust's administration were protected by attorney-client privilege.  Thus, Gilbert was unable to receive any answers to his inquires and left in a state of bewilderment.

12.     Throughout her administration of the Trust, Ruth, as trustee, continually prioritized her interests over Gilbert's.  Ruth engaged in a series of self-dealings, which disproportionately and dramatically increased her share under the Trust to roughly 95%, while severely reducing Gilbert's share to approximately 5%.  Ruth deliberately concealed those actions and amendments reducing Gilbert's share during telephone calls and emails with him.  Thus, Ruth failed to promote and protect Gilbert's interests in the Trust and act in furtherance of Gilbert's best interests.  Ruth's commitment to advancing her own interests, rather than those of Gilbert's, ran contrary to her fiduciary duties as trustee.

## COUNT I: VIOLATION OF DUTY TO INFORM AND REPORT UNDER A.R.S. § 14-10813(A)

13.     Plaintiff repeats and realleges the allegations set forth in paragraphs 6 through 12.

14.     A trustee of the Trust, Defendant had the duty to keep Plaintiff "reasonably informed about the administration of the [T]rust and of the material facts necessary for [him] to protect [his] interests."  Ariz. Rev. Stat. Ann. § 14-10813(A).

15.     Defendant breached her duty to Plaintiff by failing to inform him of the changes and reduction of his interests in the Trust, her appointment as trustee, and other Trust

administration matters and material facts necessary for Plaintiff to protect his interests.  As discussed above, Defendant had many opportunities to disclose such material facts in her numerous telephone calls and emails to Plaintiff, but nevertheless failed to do so.

16.     Moreover, Defendant also breached her duty to "promptly respond to [Plaintiff's] request for information related to the administration of the [T]rust."  Ariz. Rev. Stat. Ann. § 14-10813(A).

17.     Plaintiff made several attempts to contact Defendant, her agents, and attorneys to seek information related to the Trust's administration and distribution.  Defendant, her agents, and attorneys, however, failed to respond to these inquires and provide any information about changes to the Trust's distributions and administration.

18.     Plaintiff is entitled to, among other things, injunctive relief, an award of damages for actual loss, reasonable attorneys' fees and costs, and any other relief the court deems appropriate pursuant to Ariz. Rev. Stat. Ann. §§ 14-11001 and 14-11002.

### COUNT II: BREACH OF DUTY OF LOYALTY UNDER A.R.S. § 14-10802

19.     Plaintiff repeats and realleges the allegations set forth in paragraphs 6 through 12.

20.     Defendant, as trustee of the Trust, has to a duty to administer the Trust solely in the interests of the beneficiaries.  Ariz. Rev. Stat. Ann. § 14-10802.

21.     During her time as trustee, Defendant engaged in self-dealing by altering the once equitable distribution of Trust assets.  Specifically, Defendant greatly increased her interests in Trust assets to the detriment of Plaintiff's, a co-beneficiary.  Moreover, Defendant concealed these self-serving acts and Trust amendments from Plaintiff during telephone calls and emails to him.  By doing this, Defendant failed to afford Plaintiff's interests the requisite loyalty they

deserve, as Defendant subordinated Plaintiff's interests to her own.  Thus, Defendant failed to afford Plaintiff the loyalty required under the law.

22.     Plaintiff is entitled to, among other things, injunctive relief, an award of damages for actual loss, reasonable attorneys' fees and costs, and any other relief the court deems appropriate pursuant to Ariz. Rev. Stat. Ann. §§ 14-11001 and 14-11002.

## JURY DEMAND

Plaintiff demands a trial by Jury on all issues so triable.

## RELIEF REQUESTED

WHEREFORE, Plaintiff Gilbert T. Wolin respectfully request that the Court:

A.     Enter judgment in favor of Plaintiff on all counts of this Complaint;

B.     Award Plaintiff damages in an amount to be determined at trial;

C.     Preliminary and permanently enjoin Defendant from distributing Trust assets according to the Trust as currently written;

D.     Remove Defendant as trustee of the Trust and appoint a neutral trustee;

E.     Award Plaintiff its attorneys' fees and costs; and

F.     Grant such other relief as the Court deems just and proper.


Respectfully submitted,

Gilbert T. Wolin,

By his attorneys,


/s/ *Wm. Shaw McDermott*
Wm. Shaw McDermott (BBO # 330860)
shaw.mcdermott@klgates.com
Christopher F. Warner (BBO # 705979)
chris.warner@klgates.com

K&L GATES LLP
State Street Financial Center
One Lincoln Street
Boston, MA 02111
Tel: (617) 261-3100
Fax: (617) 261-3175

Date: June 8, 2020